**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
(973) 736-4600
(973) 325-7467 Facsimile
Jeffrey M. Rosenthal
jrosenthal@mblawfirm.com
Vincent J. Roldan
vroldan@mblawfirm.com
Katie F. Warren
kwarren@mblawfirm.com
*Proposed Counsel for Krasnoff Domestic Growth Fund, LP, et al., Debtors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| KRASNOFF DOMESTIC GROWTH FUND, LP,[1] | ) | Case No. 26-18662 (CMG) |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Expedited Hearing Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO FILE UNDER SEAL PORTIONS OF THE DEBTORS' CONSOLIDATED CREDITOR MATRIX CONTAINING CERTAIN INDIVIDUAL CREDITOR INFORMATION**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order*

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Krasnoff Domestic Growth Fund, LP (1876) and Krasnoff Capital Management, LLC (1869). The Debtors' principal place of business is 12 S. Main Street, #4, Pennington, NJ 08534.

*of Reference of the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The Debtors confirm their consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 2002, 9007, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court District of New Jersey (the "Bankruptcy Local Rules").

**Background**

4. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors have requested that these Chapter 11 Cases be jointly administered.

5. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

7. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of Adam Zalev, Chief Restructuring Officer of Krasnoff Domestic Growth Fund, LP, in Support of Debtors'*

*Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed contemporaneously with the Motion.[2]

**Relief Requested**

8. The Debtors seek entry of an interim order, substantially in the form attached hereto as Exhibit A (the "Order") authorizing the Debtors' to file portions of their creditor matrixes (the matrix for each Debtor, a "Matrix" and, together, the "Matrixes") under seal to protect the Debtors' investors from potential identity theft resulting from the disclosure of personally identifiable information required or contemplated by the Bankruptcy Code and Bankruptcy Rules.

**Basis for Relief**

9. Section 105(a) of the Bankruptcy Code codifies this Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 105(a).

10. Section 107(c)(1) of the Bankruptcy Code enables this Court to issue an order to protect parties from the potential harm that could result from disclosing personally identifiable information:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. §107(c)(1).

Further, with regard to the definition of "means of identification":

---

2 Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

> the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, *including any*—
>
> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number . . .

18 U.S.C. §1028(d)(7) (emphasis added).

11. The proper interpretation of these two statutes is two-fold. First, while transparency is important to the bankruptcy process, through the enactment of section 107(c)(1) of the Bankruptcy code, Congress provided an exception to transparency and intended to protect innocent individuals from foreseeable injury. Second, the language of both statutes dictates that Congress intended for each statute to keep open channels for protecting additional information not enumerated; both sections set out non-exhaustive lists. Specifically, section 107(c)(1)(B) of the Bankruptcy Code allows for "other information" apart from "means of identification," as defined in 18 U.S.C. §1028(d)(7). Further, under such definition, Congress specifically included the phrase "including any" to illustrate the non-exhaustive nature of the list of items that follows. Accordingly, while an individual investor's home address is not explicitly listed in the definition of "means of identification," it most certainly is covered by the expansive language of both 11 U.S.C. §107(c)(1)(B) and 18 U.S.C. §1028(d)(7), especially when considered with other information disclosed in the context of the Debtors' Matrixes and these Chapter 11 Cases.

12. Moreover, relief similar to that requested herein is regularly granted by courts in this circuit. *See, e.g., Immunomedics, Inc. v. Roger Williams Med. Ctr.*, 2017 U.S. Dist. LEXIS 221058 (D.N.J. Jan. 18, 2019) ("The sealing of confidential documents and information is an accepted practice in the District of New Jersey")*; Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994 (explaining that "orders [of confidentiality] . . . are intended to offer litigants a

measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings"); *In re Searchmetrics, Inc.*, Case No. 1711032 (CSS) [Docket No. 27] (Bankr. D. Del. May 9, 2017) (authorizing the debtor to seal customer names and contact information); *In re THG Holdings LLC*, Case No. 19-11689 (JTD) [Docket No. 172] (Bankr. D. Del. Aug. 22, 2019) (authorizing the debtors to seal employee home addresses); *In re Pipeline-Westlake Hospital, LLC d/b/a/ Westlake Hospital*, Case No. 1911757 (KBO) [Docket No. 10] (Bankr. D. Del. Aug. 6, 2019) (same); *In re Acahogen, Inc.*, Case No. 19-10844 (BLS) [Docket No. 206] (Bankr. D. Del. May 20, 2019) (same); *In re L.K. Bennett U.S.A, Inc.*, Case No. 19-10760 (KG) [Docket No. 46] (Bankr. D. Del. Apr. 9, 2019) (same); *In re Triangle USA Petroleum Corp.*, Case No. 16-11566 (MFW) [Docket No. 65] (Bankr. D. Del. July 5, 2016) (same); *In re Delivery Agent, Inc.*, Case No. 16-12051 (LSS) [Docket No. 51] (Bankr. D. Del. Sept. 16, 2016) (same).

13. While there is a "strong presumption in favor of public access to judicial records and papers . . .", *In re Cont'l Airlines,* 150 B.R. 334, 341 (D. Del. 1993), that presumption is substantially outweighed by the risk of identity theft or injury to innocent individual investors. *See also In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (finding that the presumption of access could be rebutted when the movant "show[s] 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure'" (quoting *Miller v. Ind. Hosp.,* 16 F. .3d 549, 551 (3d Cir. 1994))); *Goldstein v. Forbes (In re Cendant Corp.),* 260 F.3d 183 (3d Cir. 2001) ("Although the common law right to public access is a recognized and venerated principle, courts have also recognized the accompanying principle that 'the right is not absolute.'" (quoting *Littlejohn v. BIC Corp.,* 851 F.2d 673, 678 (3d Cir. 1988))). The benefit of public access to the home addresses and email addresses of the Debtors' investors is limited, if any exists. The Debtors

will maintain separate, confidential mailing lists for service upon the Debtors' investors at their residences for the benefit of all parties in interest desiring to serve them with pleadings or notices in these Chapter 11 Cases. To publicly disclose each individual investor's home address would create an undue risk of identity theft or other harm from malicious actors. Accordingly, despite the presumption in favor of public access, privacy concerns at issue here tip the scales substantially towards sealing the home addresses and email addresses of the Debtors' investors.

14. For these reasons, the Debtors request that the Court permit the Debtors to seal any portion of their Matrixes containing an investor's personal home addresses or email addresses, with unsealed copies provided to this Court and the Office of the United States Trustee for the District of New Jersey, and to any party in interest requiring such information for service of pleadings and notices, upon request to the Debtors.

**Waiver of Memorandum of Law**

15. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to rule 9013-1(a)(3) of the Bankruptcy Local Rules because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**No Prior Request**

16. No prior request for the relief sought in this Motion has been made to this or any other court.

**Notice**

19. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States

Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; (e) the offices of the attorneys general for the states in which the Debtors conduct business; (f) other governmental agencies having a regulatory or statutory interest in these cases; (g) the Securities and Exchange Commission; and (h) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.

[*concluded on the following page*]

The Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: Roseland, New Jersey
July 31, 2026

MANDELBAUM BARRETT PC
By: */s/ Vincent J. Roldan*
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Jeffrey M. Rosenthal
jrosenthal@mblawfirm.com
Vincent J. Roldan
vroldan@mblawfirm.com
Katie F. Warren
kwarren@mblawfirm.com
*Proposed Counsel for Debtors*

# EXHIBIT A

**Proposed Order**

**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
(973) 736-4600
(973) 325-7467 Facsimile
Jeffrey M. Rosenthal
jrosenthal@mblawfirm.com
Vincent J. Roldan
vroldan@mblawfirm.com
Katie F. Warren
kwarren@mblawfirm.com
*Proposed Counsel for Krasnoff Domestic Growth Fund, LP, et al., Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| KRASNOFF DOMESTIC GROWTH FUND, LP,[1] | ) | Case No. 26-18662 (CMG) |
| Debtors. | ) | (Joint Administration Requested) |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL PORTIONS OF THE DEBTORS' CREDITOR MATRIXES CONTAINING CERTAIN INDIVIDUAL CREDITOR INFORMATION**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Krasnoff Domestic Growth Fund, LP (1876) and Krasnoff Capital Management, LLC (1869). The Debtors' principal place of business is 12 S. Main Street, #4, Pennington, NJ 08534.

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to Bankruptcy Local Rule 9018-1 (this "Order") authorizing the Debtors to file under seal any portion of each Debtors' creditor Matrix containing the personally identifying information of its investors, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having considered the Debtors' request to seal such information and any objections thereto; and this Court having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

2. The final hearing (the "Final Hearing") on the Motion shall be held **on ________ __, 2026, at [], prevailing Eastern Time** in the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608. Any Objections or responses to entry of a final order on the Motion shall be filed **on or before [], prevailing Eastern Time, on _________ __, 2026** and served on the following parties: (a) the U.S. Trustee for the District of New Jersey, Attn: David Gerardi, One Newark Center, Suite 2100, Newark, New Jersey 07102; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) the state attorneys general for states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the Environmental Protection Agency; (g) other governmental agencies having a regulatory or statutory interest in these cases; (h) any statutory committees appointed in these cases; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). If no objections are timely filed to the Motion, this Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3. The Debtors' request is granted, and, in accordance with Bankruptcy Local Rule 9018-1, any portion of each Debtor's Matrix containing the home addresses, email addresses of their investors who are natural persons shall be sealed until the expiration of the judiciary records retention period at which time the document shall be permanently deleted. The Debtors shall file, pursuant to section 107(b), a redacted version of the Creditor Matrix, Schedules and Statement of Financial Affairs, or other document filed with the Court; *provided*, *however*, that the U.S. Trustee reserves all rights with respect to such redactions at a hearing regarding confirmation of a

chapter 11 plan, or thereafter, or in connection with a conversion of the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code or a dismissal of the chapter 11 cases..

4. The Debtors shall file unredacted versions of the Matrixes under seal with the Clerk's Office.

5. Any sealed portion of the Matrixes containing the residential addresses and email addresses of the Debtors' investors shall be provided only to the Court, the U.S. Trustee, counsel to any trustee or statutory committee that may be appointed in these cases, and parties in interest requiring such information for service purposes, upon request to the Debtors; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document or the information contained therein to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

6. This Court will, and each other party receiving an unsealed copy of either of the Debtors' Matrix shall keep such information confidential.

7. Any party provided with an unsealed copy of a Matrix shall redact from its pleadings any confidential or personally identifying investor information in accordance with this order.

8. The Debtors shall maintain separate, confidential mailing lists for service upon the Debtors' investors at their respective residences, and email addresses, for the benefit of all parties in interest desiring to serve the Debtors' investors with pleadings or notices in these Chapter 11 Cases.

9. The terms and conditions of the Order shall be effective immediately and enforceable upon its entry.

10. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

11. Nothing in this Interim Order prohibits any customer from voluntarily identifying itself in connection with these Chapter 11 Cases, or voluntarily disclosing any of its contact information. Nothing in this Interim Order exempts any customer from compliance with Bankruptcy Rule 2019.

12. To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Proposed Claims and Noticing Agent (if any), to effectuate the service on such party's behalf.

13. The Debtors shall serve by regular mail or email (if available) a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f),

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.